RECEIVED-CLERK
U.S. DISTRICT COURT
2004 APR 23 PM 4:49
TX EASTERN-MARSHALL

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 23 2004

DAVID MALAND, CLERK
By
Deputy_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| SYMANTEC CORPORATION, a Delaware corporation; and POWERQUEST CORPORATION, a Utah corporation. <br><br> Plaintiffs, <br><br> v. <br><br> ALTIRIS, INC., a Utah corporation <br><br> Defendant. | Case No. 2-04CV-161 DF |

## COMPLAINT AND JURY DEMAND

Plaintiffs Symantec Corporation (hereinafter "Symantec") and PowerQuest Corporation (hereinafter "PowerQuest"), for their complaint against Defendant Altiris, Inc. (hereinafter "Altiris") allege as follows:

### THE PARTIES

1. Plaintiff Symantec is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in Cupertino, California.

2. Plaintiff PowerQuest is a corporation organized and existing under the laws of Utah, with its principal place of business in Orem, Utah. PowerQuest is a wholly-owned subsidiary of Symantec.

3. Defendant Altiris is a corporation organized and existing under the laws of the state of Utah, with its principal place of business in Lindon, Utah.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.* The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. On information and belief, Altiris is a provider of software products and services primarily directed to the management of Information Technology assets. On information and belief, Altiris software products include "Altiris Client Management Suite," "Altiris Server Management Suite," "Altiris Deployment Solution," and "Altiris Software Delivery Solution."

6. On information and belief, Altiris sells its products in the Eastern District of Texas, including through its sales affiliate, Macer Technology, located in Plano, TX.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 1391(c).

## GENERAL ALLEGATIONS

8. PowerQuest is the assignee of United States Patent No. 6,615,365 ("the '365 Patent"), entitled "STORING A COMPUTER DISK IMAGE WITHIN AN IMAGED PARTITION," issued on September 2, 2003. A true and correct copy of the '365 Patent is attached hereto as Exhibit A.

9. PowerQuest is the assignee of United States Patent No. 5,933,647 ("the '647 Patent"), entitled "SYSTEM AND METHOD FOR SOFTWARE DISTRIBUTION AND DESKTOP MANAGEMENT IN A COMPUTER NETWORK ENVIRONMENT,"

issued on August 3, 1999. A true and correct copy of the '647 Patent is attached hereto as Exhibit B.

10. Symantec is the assignee of United States Patent No. 6,029,246 ("the '246 Patent"), entitled "NETWORK DISTRIBUTED SYSTEM FOR UPDATING LOCALLY SECURED OBJECTS IN CLIENT MACHINES," issued on February 22, 2000. A true and correct copy of the '246 Patent is attached hereto as Exhibit C.

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF THE '365 PATENT
### (35 U.S.C. §§ 271 ET SEQ.)

11. Plaintiffs refer to and incorporate paragraphs 1-10 inclusive as though fully set forth herein.

12. Altiris markets a software product known as Altiris Deployment Solution, both as a stand-alone product and as part of its Altiris Client Management Suite and its Altiris Server Management Suite.

13. Altiris is directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '365 Patent within the United States by making, using, selling, and/or offering to sell software products, including, at least, Altiris Deployment Solution, incorporating PowerQuest's patented systems and methods.

14. By reason of Altiris' acts alleged herein, PowerQuest has suffered damage in an amount to be proved at trial.

15. On information and belief, Altiris threatens to continue to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to PowerQuest's irreparable damage. It would be difficult to ascertain the amount of

compensation which would afford PowerQuest adequate relief for such future and continuing acts. PowerQuest does not have an adequate remedy at law to compensate it for injuries threatened.

## SECOND CAUSE OF ACTION
## INFRINGEMENT OF THE '647 PATENT
## (35 U.S.C. §§ 271 ET SEQ.)

16. Plaintiffs refer to and incorporate paragraphs 1-15 inclusive as though fully set forth herein.

17. Altiris markets a software product known as Altiris Software Delivery Solution, both as a stand-alone product and as part of its Altiris Client Management Suite and its Altiris Server Management Suite.

18. Altiris is directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '647 Patent within the United States by making, using, selling, and/or offering to sell software products, including, at least, Altiris Software Delivery Solution, incorporating PowerQuest's patented systems and methods.

19. By reason of Altiris' acts alleged herein, PowerQuest has suffered damage in an amount to be proved at trial.

20. On information and belief, Altiris threatens to continue to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to PowerQuest's irreparable damage. It would be difficult to ascertain the amount of compensation which would afford PowerQuest adequate relief for such future and

continuing acts. PowerQuest does not have an adequate remedy at law to compensate it for injuries threatened.

### THIRD CAUSE OF ACTION
### INFRINGEMENT OF THE '246 PATENT
### (35 U.S.C. §§ 271 ET SEQ.)

21.   Plaintiffs refer to and incorporate paragraphs 1-20 inclusive as though fully set forth herein.

22.   Altiris markets software products known as Altiris Deployment Solution and Altiris Software Delivery Solution, including the Altiris Notification Server. Each is marketed both as a stand-alone product and as part of Altiris Client Management Suite and Altiris Server Management Suite.

23.   Altiris is directly infringing, inducing infringement by others, and/or contributorily infringing one or more claims of the '246 Patent within the United States by making, using, selling, and/or offering to sell software products, including, at least, Altiris Deployment Solution, Altiris Software Delivery Solution, and Altiris Notification Server, incorporating Symantec's patented systems and methods.

24.   By reason of Altiris' acts alleged herein, Symantec has suffered damage in an amount to be proved at trial.

25.   On July 6, 2000, Symantec put Altiris on notice that it was infringing the '246 patent. Altiris has had actual knowledge of the '246 Patent, and Altiris's infringement of the '246 Patent has been and is willful.

26.   On information and belief, Altiris threatens to continue to do the acts complained of herein, and unless restrained and enjoined will continue to do so, all to

Symantec's irreparable damage. It would be difficult to ascertain the amount of compensation which would afford Symantec adequate relief for such future and continuing acts. Symantec does not have an adequate remedy at law to compensate it for injuries threatened.

## DEMAND FOR TRIAL BY JURY

Symantec and PowerQuest hereby demand a jury trial for all issues deemed to be triable by a jury.

## PRAYER FOR RELIEF

WHEREFORE, SYMANTEC AND POWERQUEST PRAY FOR JUDGMENT AS FOLLOWS:

1. On the First Cause of Action (by PowerQuest)

    a) For judgment that Altiris has infringed the '365 Patent;

    b) For a preliminary and permanent injunction prohibiting Altiris, and all persons or entities acting in concert with Altiris, from infringing the '365 Patent;

    c) For an award to PowerQuest of all damages resulting from the infringement of the '365 Patent by Altiris;

    d) Declare this case to be "exceptional" under the provisions of 35 U.S.C. § 285, entitling PowerQuest to recovery of its reasonable attorneys' fees upon prevailing in this action;

    e) For a judgment and order directing Altiris to pay PowerQuest's attorney's fees, costs and expenses in this action; and

  f)  For such additional relief as this Court may deem just and proper.

2. On the Second Cause of Action (by PowerQuest)

  a)  For judgment that Altiris has infringed the '647 Patent;

  b)  For a preliminary and permanent injunction prohibiting Altiris, and all persons or entities acting in concert with Altiris, from infringing the '647 Patent;

  c)  For an award to PowerQuest of all damages resulting from the infringement of the '647 Patent by Altiris;

  d)  Declare this case to be "exceptional" under the provisions of 35 U.S.C. § 285, entitling PowerQuest to recovery of its reasonable attorneys' fees upon prevailing in this action;

  e)  For a judgment and order directing Altiris to pay PowerQuest's attorney's fees, costs and expenses in this action; and

  f)  For such additional relief as this Court may deem just and proper.

3. On the Third Cause of Action (by Symantec)

  a)  For judgment that Altiris has infringed the '246 Patent;

  b)  For a preliminary and permanent injunction prohibiting Altiris, and all persons or entities acting in concert with Altiris, from infringing the '246 Patent;

  c)  For an award to Symantec of all damages resulting from the infringement of the '246 Patent by Altiris including damages in an amount equal to three times the amount of profits or damages assessed to compensate Symantec for the willful, deliberate and intentional acts of infringement by Altiris, pursuant to 35 U.S.C. § 284;

      d)      Declare this case to be "exceptional" under the provisions of 35 U.S.C. § 285, entitling Symantec to recovery of its reasonable attorneys' fees upon prevailing in this action;

      e)      For a judgment and order directing Altiris to pay Symantec's attorney's fees, costs and expenses in this action; and

      f)      For such additional relief as this Court may deem just and proper.

DATED: April 23, 2004          IRELAND, CARROLL & KELLEY PC

By *[signature]*
Otis Carroll (State Bar No. 3895700)
IRELAND, CARROLL & KELLEY PC
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600

Attorneys for Plaintiffs,
SYMANTEC CORPORATION and
POWERQUEST CORPORATION.

OF COUNSEL:

Robert T. Haslam (State Bar No. 71134)
Robert D. Fram (State Bar No. 126750)
S. Elizabeth Mitchell (State Bar No. 187053)
Andrew C. Byrnes (State Bar No. 191516)
HELLER EHRMAN WHITE & MCAULIFFE LLP
333 Bush Street
San Francisco, California 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268

ATTACHMENTS

NOT SCANNED OVER PAGE LIMIT

FOR SCANNER